IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

LLOYD E. FOWLER,                    )
                                    )
                Plaintiff,          )    **CIVIL ACTION**
                                    )
v.                                  )    No.  04-3450
                                    )
FRED LAWRENCE, C.C.A. WARDEN,       )
C.C.A. MEDICAL DEPARTMENT STAFF,    )
CORRECTIONS CORPORATION OF          )
AMERICA, and U.S. MARSHALL'S        )
DEPARTMENT                          )
                                    )
                Defendant.          )
_____)

**<u>MEMORANDUM AND ORDER</u>**

**I.   INTRODUCTION**[1]

This case comes before the court on defendants' motions to dismiss. (Docs. 16 and 27).  Plaintiff, a federal prisoner, alleges a violation of his Eighth Amendment right to be free from cruel and unusual punishment through deliberate indifference to his serious medical needs. (Doc. 1).  Defendants have filed Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction.[2] Defendants' motions are GRANTED for reasons set forth herein.

**A.   <u>Pro Se</u> Status**

Before analyzing defendant's motion to dismiss, the court notes

---

[1] Plaintiff's motion for counsel has been denied.  (Doc. 37).

[2] The Corrections Corporation of America (CCA) defendants have filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction on the basis that employees of a private corporation cannot be liable under <u>Bivens</u>.  The court notes that the Tenth Circuit has recently held that CCA's motion is not one to dismiss for lack of subject matter jurisdiction, but rather a Rule 12(b)(6) motion for failure to state a claim.  <u>Peoples v. CCA Detention Center</u>, 422 F.3d 1090 (10th Cir. 2005).

that plaintiff is not represented by counsel.  It has long been the rule that <u>pro</u> <u>se</u> pleadings must be liberally construed.  <u>See</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); <u>Hill v. Corrections Corp. of America</u>, 14 F. Supp.2d 1235, 1237 (D. Kan. 1998). Liberal construction does not, however, require this court to assume the role of advocate for the <u>pro</u> <u>se</u> litigant.  <u>See</u> <u>Hall</u>, 935 F.2d at 1110.  Plaintiff is expected to construct his own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district.  <u>See</u> <u>id.</u>; <u>Hill</u>, 14 F. Supp.2d at 1237.  Additionally, the court need not accept as true plaintiff's conclusory allegations because no special legal training is required to recount the facts surrounding the alleged injuries.  <u>See</u> <u>Hill</u>, 14 F. Supp.2d at 1237.  In the end, plaintiff's <u>pro</u> <u>se</u> status, in and of itself, does not prevent this court from dismissing his claim.  <u>See</u> <u>Smith v. Plati</u>, 258 F.3d 1167, 1174 (10th Cir. 2001) (citing <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110, 1114 (10th Cir.1991)) ("Even when a complaint is construed liberally, this court has dismissed pro se complaints for failure to allege sufficient facts."); <u>Northington v. Jackson</u>, 973 F.2d 1518, 1521 (10th Cir. 1992).

   **B.   Motion to Dismiss Standards: FED. R. CIV. P. 12(b)(1)**

   Federal courts are courts of limited jurisdiction, available to exercise their power only when specifically authorized to do so.  <u>See</u> <u>Sellens v. Telephone Credit Union</u>, 189 F.R.D. 461, 465 (D. Kan. 1999); <u>see</u> <u>also</u> <u>Whayne v. City of Topeka</u>, 959 F. Supp. 1370, 1371 (D. Kan. 1997) (noting the party invoking federal jurisdiction has the burden to prove jurisdiction is proper).  Pursuant to the Federal Rules of Civil Procedure, a party may move for dismissal based upon a court's

"lack of jurisdiction over the subject matter."   Fed. R. Civ. P. 12(b)(1).  The Tenth Circuit has noted that Rule 12(b)(1) motions may take on two forms, either a "facial" attack or a "factual" attack. See Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  A "facial" attack questions the legal sufficiency of the complaint whereas a "factual" challenge contests those facts upon which the subject matter rests.  Bryce v. Episcopal Church in the Diocese of Colorado, 121 F. Supp. 2d 1327, 1334 (D. Colo. 2000).

### C.    Motion to Dismiss Standards: FRCP 12(b)(6)

The standards this court must utilize upon a motion to dismiss are well known.  This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive.  See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000).  All well-pleaded facts and  the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff.  See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his

claims.  See Robinson, 117 F. Supp.2d at 1129.

## II.  FACTS

Plaintiff is currently incarcerated at the United States Penitentiary in El Reno, Oklahoma.  The events alleged in the complaint arose while plaintiff was incarcerated at CCA's detention center in Leavenworth, Kansas, during the spring of 2003.  CCA is a Maryland corporation that has contracted with the United States Marshal Service (USMS) to provide detention for federal prisoners.

Plaintiff asserts that at the time of his arrest he had been scheduled for hip replacement surgery.  Due to his confinement, however, he did not undergo surgery.  Plaintiff informed the medical staff and Dr. Bowlin at CCA of his diagnosis.  Plaintiff alleges that CCA and the USMS denied his medical treatment.  Plaintiff also asserts that he was provided inadequate medical equipment and housing to accommodate his condition.  Plaintiff's complaint names Fred Lawrence, the CCA warden, "CCA - Medical Department - Staff," CCA and the USMS. (Doc. 1).

## II.  ANALYSIS

### A.  Bivens Claim

Plaintiff has asserted a violation of 42 U.S.C. § 1983.  However, plaintiff's complaint makes no allegations of a state actor acting under the color of state law.  Rather, plaintiff's action is more accurately characterized as a Bivens action because his complaint concerns federal actors acting under the color of federal law and individuals who have contracted with the federal government.  "The purpose of Bivens is to deter individual federal officers from committing constitutional violations."  Correctional Services Corp.

-4-

v. Malesko, 534 U.S. 61, 70 (2001).  A Bivens claim cannot be brought directly against the United States since it is shielded by sovereign immunity.  Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001). Similarly, "a Bivens action may not be brought against federal agencies or agents acting in their official capacities." Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002)(citing Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 483-86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)).  Therefore, plaintiff's claim against the USMS is dismissed.

The Supreme Court has repeatedly stated that "the purpose of Bivens is to deter the officer, not the agency." Malesko, 534 U.S. at 69.  Accordingly, it held that a Bivens action against a private corporation does not exist. As such, plaintiff's Bivens claim against CCA is dismissed.  In Malesko, the Supreme Court did not decide whether a Bivens action can be maintained against an individual.  Id. However, the court cautioned that its primary purpose in creating an action under Bivens was to allow for a remedy when a federal officer has violated an individual's constitutional right.  The court explained that allowing a Bivens action against a private corporation would not further the goal in Bivens since an individual would have alternative remedies against the private corporation.

The Tenth Circuit has extended this reasoning to employees of private corporations in Peoples v. CCA Detention Center, 422 F.3d 1090 (10th Cir. 2005).  When an employee of a private corporation has allegedly violated an individual's constitutional right and an alternative remedy is available, a Bivens action cannot be maintained. See id. at 1101.  Accordingly, the court must determine whether

-5-

plaintiff has an alternative remedy against Lawrence and the medical staff.

Plaintiff asserts that he cannot pursue a claim in Kansas because the injury occurred in the state of Missouri and plaintiff is a Missouri resident. (Doc. 36). However, the allegations against CCA employees arose from actions that occurred in the state of Kansas. Plaintiff's concern of his status as a non-resident is also misplaced. The only inquiry for the court is whether plaintiff's allegation would support a claim under Kansas tort law. Defendants concede that plaintiff could bring a claim of negligence against the warden and a claim for medical malpractice against the medical staff. (Doc. 34).

Under Kansas law, to recover for negligence, a plaintiff must establish the existence of a duty, a breach of that duty, an injury, and a causal connection between the breached duty and the injury. McGee v. Chalfant, 248 Kan. 434, 806 P.2d 980, 983 (1991). The Kansas Supreme Court held that the rights of an inmate include adequate medical care. State v. Rouse, 229 Kan. 600, 605-606, 629 P.2d 167, 172 (1981). Failure to provide adequate medical care violates K.S.A. 19-1919, which requires humane treatment of a prisoner. Mt. Carmel Medical Center v. Board of County Com'rs of Labette County, 1 Kan. App.2d 374, 380-381, 566 P.2d 384, 389 (Kan. Ct. App. 1977). A violation of K.S.A. 19-1919 could "run the risk of incurring personal civil liability by such neglect." Id.

The court finds that plaintiff's allegations arguably support a claim of negligence under Kansas law and, beneficial to plaintiff, negligence requires a lesser standard than an Eighth Amendment

-6-

violation.  Therefore, plaintiff's claim against Lawrence is dismissed because he has an alternative remedy under state law.

Plaintiff has alleged that the CCA medical department was aware of his medical condition but that plaintiff failed to receive adequate treatment.  Plaintiff also alleges that he had uncomfortable side effects from medication and that the medical equipment provided was inadequate.

> In order to prevail in a medical malpractice action, a plaintiff must prove three elements: (1) A duty was owed by the physician to the patient; (2) the duty was breached; and (3) a causal connection existed between the breached duty and the injury sustained by the patient. Every physician has the duty to use reasonable care and to exercise that reasonable degree of learning, skill, and experience which is ordinarily possessed by other physicians in the same or similar locations.

Huffman v. Thomas, 26 Kan. App.2d 685, 694, 994 P.2d 1072, 1078 (Kan. Ct. App. 1999).  A nurse also has a duty to exercise reasonable care when treating a patient.  Hiatt v. Groce, 215 Kan. 14, 19, 523 P.2d 320 (1974).

The court finds that plaintiff has alleged a claim for medical malpractice against the medical staff at CCA.  The staff, doctors and nurses, have a duty to provide plaintiff with medical care.  Plaintiff has alleged that the staff failed to provide him with adequate care and, as a result, that he has suffered an injury.  Since plaintiff has an alternative remedy against the medical staff, plaintiff's claims against the medical staff are accordingly dismissed.[3]

**III. CONCLUSION**

---

[3] Nothing herein should be taken or construed by plaintiff as an opinion of this court that any of his claims are meritorious or that he should, or will, prevail if he files a case in state court.

-7-

Defendants' motions to dismiss for lack of subject matter jurisdiction are GRANTED.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this 15th  day of November 2005, at Wichita, Kansas.


                              s/ Monti Belot
                              Monti L. Belot
                              UNITED STATES DISTRICT JUDGE

-8-